# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN DYLAN BARR, #S16307, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 19-cv-00958-JPG |
| ST. CLAIR COUNTY SHERIFF DEPT., JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, and JOHN DOE 4, | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff John Dylan Barr, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Jacksonville Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred during his arrest by four unknown officers (John Doe 1-4) from St. Clair County Sheriff's Department in St. Louis, Missouri. (Doc. 1, pp. 1-12). He seeks monetary relief. (*Id*. at p. 9).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

In the Complaint, Plaintiff makes the following allegations: On or around February 9, 2018, Plaintiff was stopped and arrested by four unknown officers (John Doe 1-4) from St. Clair County Sheriff's Department as he walked out of St. Louis University Hospital in St. Louis, Missouri. (Doc. 1, pp. 7-8). He exited the hospital "of [his] own free will." (*Id*. at p. 7). Even so, the officers (John Doe 1-4) forced him down at gunpoint and shot him with their taser guns. (*Id*.). After handcuffing him, the officers placed Plaintiff into a white Lexus and transported him to St. Clair County Jail as one officer beat him in the face. (*Id*.).

At St. Clair County Jail, Plaintiff complained about numerous violations of his rights that occurred in connection with his arrest. (*Id*.). Officer Sims[1] and other unnamed booking officers informed Officers Doe 1-4 that they could not legally book Plaintiff into the facility. (*Id*.). Approximately three hours later, Plaintiff was transferred to St. Louis City Jail and forced to sign an unidentified "paper" that resulted in his detention there. (*Id*.). Plaintiff's mugshot allegedly depicts facial injuries he received during his arrest. (*Id*.). In the weeks that followed, Plaintiff suffered from untreated physical pain, post-traumatic stress disorder, loss of companionship, and loss of enjoyment of life. (*Id*. at pp. 7-8).

Based on the allegations, the Court finds it convenient to organize the *pro se* Complaint into the following enumerated Counts:

**Count 1:** Fourth Amendment claim against Defendants for the unlawful arrest of Plaintiff on or around February 9, 2018.

**Count 2:** Fourth Amendment claim against Defendants for the unlawful use of force against Plaintiff during his arrest on or around February 9, 2018.

**Count 3:** Fourth Amendment claim against Defendants for denying Plaintiff adequate medical care and/or mental health treatment for the injuries he sustained during his arrest on or around February 9, 2018.

---
[1] Plaintiff does not name Officer Sims as a defendant or bring any claims against him or her.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under** *Twombly*.[2]

## Preliminary Dismissal

### St. Clair County Sheriff Department

The St. Clair County Sheriff Department is not a "person" subject to suit under 42 U.S.C. § 1983. Plaintiff's designation of this defendant may represent an attempt to hold a municipality liable for his injuries. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690, 694 (1978). However, municipal liability under § 1983 arises from the execution of a government policy or custom that causes a constitutional injury. *Id*. Plaintiff points to no such policy or custom. Therefore, all claims against this defendant will be dismissed without prejudice.

## Discussion

### Count 1

In order to bring a Fourth Amendment claim based on an unlawful arrest, a plaintiff must show that he was arrested without probable cause. *Gonzalez v. City of Elgin*, 578 F.3d 526, 538 (7th Cir. 2009). An officer has probable cause for an arrest, if the "facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing . . . that the suspect has committed, is committing, or is about to commit an offense." *Gonzalez*, 578 F.3d at 537 (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)). Plaintiff alleges that he was arrested while exiting St. Louis University Hospital "of [his] own free will."

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

(Doc. 1, p. 7). At the time, he was "not in police custody." (*Id*.). Given these allegations, Count 1 shall receive further review against Officers Doe 1-4.

**Count 2**

All claims that law enforcement have used excessive force during a stop, arrest, or other seizure of a free citizen are analyzed under the Fourth Amendment's reasonableness standard. *Dockery v. Blackburn*, 911 F.3d 458, 464 (7th Cir. 2018) (citing *Graham v. Connor*, 490 U.S. 386, 395-97 (1989)). Whether the use of force is reasonable turns on the totality of the circumstances viewed from the standpoint of a "reasonable officer on the scene." *Id*. *See also Richman v. Sheahan*, 512 F.3d 876, 885 (7th Cir. 2008). Plaintiff complains that Officers Doe 1-4 used excessive force against him when they pushed him to the ground, shot him with a taser, and beat him on February 9, 2018. The circumstances described in the Complaint support a Fourth Amendment claim against Officers Doe 1-4 at screening.

**Count 3**

The objectively unreasonable denial of medical care by an officer or jailer supports a Fourth Amendment claim brought by an arrestee. *Currie v. Chhabra*, 728 F.3d 626, 629-30 (7th Cir. 2013) (citing *Villanova v. Abrams*, 972 F.2d 792, 797 (7th Cir. 1992)). Like all other Section 1983 claims, this claim hinges on personal liability and is predicated upon fault. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). An individual defendant will not be liable unless he or she "caused or participated" in a constitutional deprivation. *Id*. Plaintiff alleges that facial injuries were evident in a mugshot taken at St. Louis City Jail and caused him pain for several weeks after his arrest. He does not allege that his injuries were obvious to Officers Doe 1-4, and he discloses no efforts to notify the defendants of his need for medical or mental health treatment. Without more, the Court cannot determine whether any of the named defendants responded to

known injuries in an objectively unreasonable manner. Count 3 shall be dismissed without prejudice for failure to state a claim against any of the defendants at screening.

## Identification of Unknown Defendants

Plaintiff shall be allowed to proceed with Counts 1 and 2 against Officers John Doe 1-4. However, these defendants must be identified with particularity before service of the Complaint can be made on them. The plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of these defendants. *Rodriguez*, 577 F.3d at 832. In this case, the Sheriff of St. Clair County Sheriff's Department will be added as a defendant, in his or her official capacity only, and shall be responsible for responding to discovery aimed at identifying the unknown defendants. Once their names are discovered, Plaintiff must file a motion to substitute each newly-identified defendant in place of the generic designations in the caption and Complaint.

## Pending Motion

Plaintiff's Motion for Attorney Representation (Doc. 3) is **DENIED without prejudice**. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating factors district court must consider when presented with request for counsel by indigent litigant). He has demonstrated insufficient efforts to locate counsel on his own. Plaintiff lists the names of seven attorneys he contacted but produces no copies of letters he sent to or received from them. Plaintiff also appears competent to represent himself in this matter. Two straightforward claims survive preliminary review. Based on the allegations, the claims are not overly complicated. Plaintiff also identifies no impediments to *pro se* litigation of this matter. Should his situation change, Plaintiff may renew this request by filing a new motion.

## Disposition

**IT IS ORDERED** that **COUNTS 1** and **2** will receive further review against **OFFICERS JOHN DOE 1, 2, 3,** and **4**. **Pursuant to Administrative Order No. 244, Defendants John Doe**

5

**1, 2, 3, and 4 need only respond to the issues stated in this Merits Review Order.**

IT IS ORDERED that **COUNT 3** is **DISMISSED** without prejudice for failure to state a claim for relief against these defendants. Further, all claims against Defendant **ST. CLAIR COUNTY SHERIFF DEPARTMENT** are **DISMISSED** without prejudice for the same reason, and the Clerk is **DIRECTED** to **TERMINATE** this party as a defendant in CM/ECF.

The Clerk is **DIRECTED** to add Defendant **Sheriff of St. Clair County Sheriff Department**, in his or her official capacity only, to the docket for the purposes of identifying John Doe 1, 2, 3, and 4 with particularity. **As the sheriff is in the case solely for discovery purposes, he or she need not respond to the Complaint. The sheriff only needs to enter his or her appearance and will receive further instruction on discovery at a later date.**

The Clerk of Court shall prepare for Defendants **JOHN DOE 1, 2, 3,** and **4** (once identified) and St. Clair County Sheriff: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only

by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 11/21/2019**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**